IN THE
TENMTH COURT OF APPEALS
No. 10-18-00253-CR


IRENE RODRIGUEZ,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

─────────────

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D38033-CR**

# CONCURRING OPINION

This is one of the top five most important Michael Morton Act cases this Court has decided.  The Court holds that a motion for continuance is required to preserve error for the State's failure to produce requested discovery.  I disagree.  Specifically, the Court holds that Appellant waived the complaint about the State's failure to timely produce a document, an arrest warrant, specifically requested in discovery pursuant to article 39.14 because, although its use was objected to and the objection was overruled, Appellant's

counsel did not then request a continuance when the State sought to introduce the document into evidence. I respectfully disagree that a motion for continuance should be required to preserve error of this issue. However, only because the trial court's error was harmless, I concur in the Court's judgment which affirms the trial court's judgment of conviction.

The State first argued at trial that the document was not requested in discovery. This argument vaporized when the Appellant's attorney directed the trial court's attention to a letter sent to the State that was already part of the record in connection with a prior discovery hearing wherein production of the document was specifically requested.

The State then argued that it produced the document on the date that it was received by the State. The date the document was received by the District Attorney is not necessarily the relevant date. The State argued that it did not have possession, custody, or control of the document prior to the first day of trial. It is not that the State did not know or think it was going to need the document. After all, the District Attorney had already gone to the trouble to get a certified copy of the document from the trial court clerk. To make this argument, the State argues that the District Clerk is not included in the definition of "the State," for purposes of having possession, custody, or control of the document. I will pass on further discussion of the unreasonableness of that argument.

And under the Court of Criminal Appeals' recent decision in *Watkins*, there is no question that the document was material as therein defined. *Watkins v. State*, 619 S.W.3d 265, *2-3 (Tex. Crim. App. 2021).

But then we get to the part of the analysis that is critical to whether the adoption of the Michael Morton Act is going to have any lasting meaning for the fair and efficient prosecution of criminal trials in Texas. There is a reason that the Michael Morton Act was passed by the legislature. Many, including the State's high court for criminal proceedings, believed it was a sea change for criminal discovery in Texas. *See Watkins v. State*, 619 S.W.3d 265, *15-21 (Tex. Crim. App. 2021). But the resistance to change has been fierce. The State here demands a request to produce the specific item. Done. The State here demands an objection to using the untimely produced item at trial. Done. The State here demands that the defendant must request a continuance. Appellant did not make a motion for continuance, a motion which has to be in writing and sworn to, *see* TEX. CODE CRIM. PROC. arts. 29.03; 29.08; so, according to the Court and the State, the issue is not preserved for appellate review. The State and the Court rely on the line of cases which hold that to preserve an issue of surprise, the defendant must request a continuance. I do not believe that article 39.14 requires a request for a continuance to preserve error in this circumstance.

The traditional rule regarding preservation is that the party making the complaint must bring the issue to the trial court's attention at a time and in a manner that the trial court can correct the problem. *See* TEX. R. APP. P. 33.1; *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). It is sometimes expressed that the defendant must pursue the issue until the defendant receives an adverse ruling. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). In this instance, Appellant did that. Appellant objected to the State's use of the document that was not timely produced in response to a specific

request. The objection was overruled. At that point, Appellant has suffered an adverse ruling. Why should a further complaint or objection or motion be required to preserve the complaint for appellate review? If Appellant was entitled to the discovery, if the discovery item was not timely produced, if there was a proper objection to its use at trial, and on appeal, if Appellant complains about the trial court allowing the State to use the late produced document to which a proper objection was made and overruled, why do we, as the appellate court, not simply evaluate the trial court's ruling for error, and for this discussion presuming that it is error, then proceed to the harm analysis? I do not know.

As stated, the Court and the State rely on those cases in which the defendant asserts some surprise.[1] But this is not a "surprise" case. This is a statutory discovery violation case. Moreover, Appellant is not asserting surprise in the traditional sense; so the cases about something surprising happening during trial are not on point. The line of cases regarding surprise and the need to request a continuance should be limited to their facts. Surprises happen. Witnesses change their testimony. Witnesses die. Trial exhibits are destroyed in a flood or fire. Any number of surprises may happen. A trial without some surprise is as rare as a unicorn. But the State is statutorily obligated to produce requested discovery as soon as practicable. TEX. CODE CRIM. PROC. art. 39.14(a). If there is a "surprise," it is only because Appellant failed to anticipate the late production of documents by the State. And when that does happen, it is certainly no surprise to the

---

[1] Also cited is an unpublished case from the Second Court of Appeals that relies on the same line of "surprise" cases. *See Byrd v. State*, No. 02-15-00288-CR, 2017 Tex. App. LEXIS 1773, at **12-13 (Tex. App.— Fort Worth Mar. 2, 2017, no pet.) (mem. op., not designated for publication).

State.  In this case, the State was certainly not surprised.  The State was ready to go with a certified copy of the document so that they would not even need a sponsoring witness.

Moreover, if the "surprise" line of cases requiring a continuance would otherwise be applied to preserve error, in light of the Court of Criminal Appeals' method of resolving *Watkins*, it is time to shift the relevant inquiry to what is required under the current version of article 39.14.  If the only consequence for the State's failure to timely produce a requested document is that, once the defendant objects and the objection is overruled, the defendant must request a continuance, which if granted might cause a delay in the proceedings, then the State has suffered no real consequence of its failure.  The problem is that if timely production would have modified trial strategy, including the analysis of the advisability of accepting a plea recommendation that is no longer on the table, the harm caused by the late production is irreversible.[2]

The bottom line is that article 39.14 is not going to have the impact the legislature intended if there is no consequence of failing to comply with it other than a momentary delay during trial (which the jury will likely hold against the defendant for making the objection rather than the State for failing to timely produce the document).  Requiring a motion for continuance and then incurring a brief delay of the trial is not the type of consequence that will affect the desired change.

I would hold that, like almost every other alleged error, Appellant is entitled to a

---

[2] The only possible way to avoid this type of prejudice to Appellant would be to put Appellant back in the position Appellant would have been in had the document been timely produced.  If at the time that it should have been produced there was a plea offer on the table, that plea offer would have to be put back on the table.

review of the issue; in essence, Appellant has not waived appellate review, as long as Appellant has pursued the issue to an adverse ruling by motion or objection. In this case, there is no question that the issue was pursued by Appellant to an adverse ruling.[3] Thus, I would proceed to review the issue on its merits, and having done so, I would hold that the error allowing the State to use the untimely produced document was harmless. Because the Court holds that appellate review of the issue was waived by the failure to request a continuance even after a proper objection was overruled, I cannot join the Court's opinion. However, after my independent analysis of the error, I have determined under the relevant rules and cases for harm analysis that the error was harmless and, therefore, respectfully concur with the Court's judgment which affirms the conviction.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed May 20, 2021
Publish



---

[3] Appellant has argued that this is the type of error described above that a mere continuance could never cure. So, even in some cases, if a continuance is required for preservation, it should not be required in a situation where the alleged harm could not have been cured by merely having some additional time to prepare or respond to the late production.